# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 29, 2025
Lyle W. Cayce
Clerk

No. 22-70013

Walter Alexander Sorto,

*Petitioner—Appellant,*

versus

Eric Guerrero, *Director, Texas Department of Criminal Justice, Correctional Institutions Division,*

*Respondent—Appellee.*

_____

Application for Certificate of Appealability
the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-613

_____

UNPUBLISHED ORDER

Before Dennis, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

This appeal stems from our court's vacatur and remand of the district court's judgment with instructions to reconsider its decision to deny Walter Sorto's request for funding under 18 U.S.C. § 3599(f) in light of the Supreme

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-70013

Court's decision in *Ayestas v. Davis*, 584 U.S. 28 (2018). On remand, the district court found that *Ayestas* required it to grant additional funding to Sorto to develop his *Atkins*[1] claim, but that the mandate rule prevented it from considering the claim further. Because the mandate rule does not apply to an issue that we did not decide, and because we previously vacated the district court's judgment, we once again VACATE and REMAND for the district court to determine the effect of the newly developed evidence in the first instance and for any other proceedings not inconsistent with this opinion.

I

In 2003, Sorto was convicted of capital murder and sentenced to death in Texas. *Sorto v. State*, 173 S.W.3d 479, 472 (Tex. Crim. App. 2005). In 2005, during the pendency of his direct criminal appeal, Sorto filed a state habeas application pursuant to Article 11.071 of the Texas Code of Criminal Procedure, which the Texas Court of Criminal Appeals ("TCCA") dismissed in 2009, denying habeas relief. *Ex parte Sorto*, No. WR–71,381–01, 2009 WL 483147, at *1 (Tex. Crim. App. Feb. 25, 2009) (per curiam). Sorto then filed a federal habeas petition. On July 12, 2010, the federal district court issued an order staying the case and directing Sorto to present an unexhausted *Atkins* claim in state court.

Accordingly, Sorto filed a state habeas application with the TCCA on November 8, 2010, arguing that he should be granted relief under *Atkins*. On April 20, 2011, the TCCA issued a short order dismissing this application. *Ex parte Sorto*, No. WR–71381–03, 2011 WL 1533377, at *1 (Tex. Crim. App. Apr. 20, 2011) (per curiam).

---

[1] *Atkins v. Virginia*, 536 U.S. 304 (2002). *Atkins* recognized that the execution of an intellectually disabled individual violates the Eighth Amendment.

2

No. 22-70013

The case then returned to the federal district court. On September 30, 2015, the district court denied habeas relief on all claims and declined to issue a certificate of appealability ("COA"), which Sorto appealed. On December 1, 2016, our court issued a non-dispositive opinion denying certificates of appealability with respect to Sorto's *Miranda* and ineffective assistance of counsel claims but reserved judgment on whether the district court abused its discretion in denying requests for funding that would have enabled Sorto to develop his *Atkins* claim. *Sorto v. Davis*, 672 F. App'x 342, 344 (5th Cir. 2016) (per curiam). Ultimately, our court never addressed Sorto's *Atkins* claim on the merits, vacated the district court's judgment, and remanded the case to the district court so it could address the funding issue in light of *Ayestas* in the first instance. *Sorto v. Davis*, 716 F. App'x 366 (5th Cir. 2018) (per curiam).

Having considered Sorto's arguments under the standard set forth in *Ayestas*, the district court determined that funding for mental functioning assessments was "reasonably necessary" for his representation to develop his *Atkins* claim. After pausing the proceedings to allow Sorto to undergo the assessments, the district court declined to address the merits of Sorto's claims because it believed the mandate rule "gives [the district court] authority to only rule on . . . the issue of funding."

Sorto timely appealed, arguing (1) the district court misinterpreted the scope of this court's remand order when it limited its review to reconsidering the denial of funding under *Ayestas*; and (2) that he is entitled to a COA on his *Atkins* claim.

II

Sorto is correct. Though somewhat understandable given our prior decision remanding the case to the district court "for its consideration of its denials of funding in light of *Ayestas*," *Sorto*, 716 F. App'x at 366, it was never

3

the intention of this court to restrict the district court's analysis solely to the funding issue. Once the district court determined that Sorto's requested funds were "reasonably necessary" to his claim, it was free to determine the effect of the newly developed evidence. Contrary to the district court's ruling, the mandate rule does not apply here, and our vacatur of the district court's previous judgment leaves it to rule on anything not previously ruled on by this court.

As both parties acknowledge, we "review a district court's interpretation of our remand order de novo, including whether the law-of-the-case doctrine or *mandate rule* forecloses any of the district court's actions on remand." *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006) (emphasis in original).

Contrary to the district court's findings and the respondent's assertions, the mandate rule has no bearing on the district court's ability to address the import of the newly developed evidence on Sorto's *Atkins* claim. The mandate rule compels lower courts to "comply with the dictates of the superior court" and prevents "relitigation of issues expressly or impliedly decided by the appellate court." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (internal citations omitted).

Here, the only final orders our court previously issued were: (1) a non-dispositive opinion denying Sorto's request for a COA on habeas claims based on ineffective assistance of counsel and *Miranda* violations; and (2) the remand order instructing the district court to reconsider its denial of funding under § 3599(f) in light of *Ayestas*. As we have held, because neither order "expressly or impliedly decide[d]" the import of newly considered evidence on the *Atkins* claim—or even addressed the *Atkins* claim at all— "the district court could have [done so] without running afoul of the mandate rule." *Id.* at

898 (finding that the mandate rule does not apply to a habeas claim that the appellate court declined to address in a previous COA decision).

Moreover, letting the district court address this issue in the first instance is consistent with our court's longstanding practice with regards to habeas claims.[2] *See, e.g.*, *Webb v. Thaler*, 384 F. App'x 349, 350 (5th Cir. 2010) (finding that the district court erred in its procedural ruling and remanding for "the district court to address the merits of the habeas claims in the first instance"). After all, we are a court of "review, not first view." *Thacker v. Tenn. Valley Auth.*, 587 U.S. 218, 228 (2019) (quotation omitted); *see also Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 252 (5th Cir. 2022) ("As a well-established general rule, this court will not reach the merits of an issue not considered by the district court.") (internal citations omitted).

## III

For the foregoing reasons, we VACATE the district court's judgment, GRANT Sorto's motion to remand the case to the district court, and REMAND for further proceedings not inconsistent with this opinion. The pending motions for COA and oral argument are DENIED AS MOOT.

---

[2] The district court did issue an order denying Sorto's *Atkins* claim in 2015, leading to the previous appeal. However, we vacated that judgment, rendering it "effectively extinguished." *Falcon v. Gen. Tel. Co.*, 815 F.2d 317, 320 (5th Cir. 1987) (finding further that "to vacate a judgment is to take away from it any precedential effect") (internal citations omitted).